UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.  14-60611-CIV-ROSENBERG/BRANNON

OLGA ROSALES,

    Plaintiff,

vs.

MSC CROCIERE, S.A., a
Foreign corporation,

    Defendant.
_____/

**<u>PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT ANTONIO CUCCARO FROM TESTIFYING AS TO THE CAUSE OR CONTRIBUTING CAUSE OF PLAINTIFF'S ACCIDENT AND/OR MOTION TO LIMIT TESTIMONY OF ANTONIO CUCCARO TO PERSONAL KNOWLEDGE</u>**

COMES NOW Plaintiff, OLGA ROSALES, by and through her undersigned counsel, and hereby moves this Honorable Court for the entry of an Order prohibiting Defendant's 30(b)(6) witness, Antonio Cuccaro, from imparting information from Defendant's privileged accident report and/or Motion to Limit Defendant's 30(b)(6) witness to matters within the witness' personal knowledge and as grounds therefore states:

    1.    The Defendant produced Antonio Cuccaro for deposition on August 23, 2014 as Defendant's designated 30(b)(6) witness on all issues set forth in the Plaintiff's Notice of Taking Deposition.

    2.    The Defendant's designated representative did not have any personal knowledge of the subject incident as he was not aboard the Defendant's vessel, MSC DIVINA on November 24, 2013.

3. Mr. Cuccaro reviewed the shipboard accident report, prepared by the Defendant but not produced to the Plaintiff on the basis of work-product in anticipation for his deposition:

> Q. Are you relying upon the accident report of Ms. Rosales, the action report performed by the Safety Officer on board for your testimony today?
>
> A. I reviewed it.
>
> Q. I know. Are you relying upon it? In other words, are you depending and looking at that and saying "I'm going to offer testimony today after I have read those documents" because you have no personal knowledge of the incident?
>
> A. Yeah. Of course.
>
> Q. Who was the Safety Officer who completed this safety accident report?
>
> A. The name?
>
> Q. Yes, sir.
>
> A. Colonna Marco.

(Deposition of Antonio Cuccaro, pg.11:17-25, pg. 12:1-6)

4. The Defendant partially waived any work-product protection through the testimony of Antonio Cuccaro who offered, unsolicited the following testimony:

> Q. Tell me what you were looking for. Were you looking for, for instance, the deck? Were you looking for the area?
>
> A. I was looking for the area. Because as far as I know, the Gelato machines are stowed just for the U.S. season and it was checking maybe that was the cause of the accident. Because maybe was not why the reason the floor could be wet. **Because probably passenger-as the report of Safety Officer was done report, you report the area was wet by other passengers that were queuing to get ice cream.**

(Deposition of Antonio Cuccaro, pg. 17:21-25, pg. 18:1-3 (emphasis added)

5. In this case, it is apparent the Defendant intends to rely upon the testimony of their 30(b)(6) witness as a conduit to provide the jury and/or finder of fact with testimony as to what was done by the Defendant or not done by the Plaintiff without producing the document which the witness is testifying from for review and cross-examination to the Plaintiff.

6. The waiver by affirmative use doctrine flows from the notion of fundamental fairness: "To protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming a shelter of the privilege to avoid disclosing those that are less favorable." *Century Aluminum Company v. AGCS Marine Ins. Co.,* 285 FRD 468, (N.D. Cal. 2012). A party could use the privilege as both a sword and a shield, the party then "could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth seeking process." *In re: Keeper of Records (Grand Jury Subpoena addressed to XYZ Corp.),* 348 F.3d 16, 24 (1st Cir. 2003).

7. The Defendant has a choice: It can produce the accident report and thereby allow Plaintiff the opportunity to review the same in preparation for cross examination of a 30(b)(6) witness or alternatively, the Defendant can refuse to divulge the same, but then the Court should limit the testimony of the 30(b)(6) witness and exclude any reference to or attempt to reference the accident report prepared by someone as hearsay.

WHEREFORE, Plaintiff respectfully requests this Honorable Court for the entry of an Order prohibiting Defendant's 30(b)(6) witness from testifying as to the Defendant's accident as based upon the accident report or to compel the Defendant to produce the accident report to Plaintiff for use at cross examination of Defendant's 30(b)(6) witness and for any and all other relief this Court deems necessary and just.

DATED this 3rd day of November, 2014.

> Respectfully submitted,
> **_s/Jonathan B. Aronson_**
> Florida Bar No.  434116
> Jonathan B. Aronson, Esq.
> ARONSON LAW FIRM
> 5730 S.W. 74th Street
> Suite 800
> Miami, Florida  33143
> Telephone:     (305) 662-1233
> Facsimile:     (305) 662-1266
> Email:  jaronson@aronsonlawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Jonathan B. Aronson*
Florida Bar No.  434116
Jonathan B. Aronson, Esq.
ARONSON LAW FIRM
5730 S.W. 74th Street
Suite 800
Miami, Florida  33143
Telephone:    (305) 662-1233
Facsimile:    (305) 662-1266
Email:  jaronson@aronsonlawfirm.com

## SERVICE LIST

Jeffrey B. Maltzman, Esq.
Steve Holman, Esq.
Maltzman & Partners, P.A.
55 Miracle Mile
Suite 320
Coral Gables, Florida 33134
Telephone:  (305) 779-5665
Facsimile:    (305) 779-5664
Email:  jeffreym@maltzmanpartners.com
Email: steveh@maltzmanpartners.com