UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.  14-60611-CIV-ROSENBERG/BRANNON

OLGA ROSALES,

    Plaintiff,

vs.

MSC CROCIERE, S.A., a
Foreign corporation,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO ALLOW JURY TRIAL AND/OR MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSE NO. 20

COMES NOW Plaintiff, OLGA ROSALES, by and through her undersigned counsel, and hereby moves this Honorable Court for the entry of an Order allowing Plaintiff to have a jury trial on all issues so triable therein and/or Motion to Strike Defendant's Affirmative Defense No. 20 [DN 9] and as grounds therefore states:

1.    Article III §2 of the United States Constitution vests Federal Courts with original jurisdiction over all cases of admiralty and maritime jurisdiction.  However, §9 of the Judiciary Act of 1789 "saved to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it." *Title 28, U.S.C.* §1333(1) now states that "The District Court shall have original jurisdiction, exclusive of the Courts of the States, of …any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."  "By reason of the savings clause, State Courts have jurisdiction in *personam,* concurrent with the Admiralty Courts, of all (common law) causes of action, maritime in their nature…"  A cruise ticket is considered a contract of adhesion.  *Chan v. Society*

*Expeditions, Inc.,* 123 F.3d 1287 (9th Cir. 1997).  In *Carnival Cruise Lines, Inc. v. Shute,* 449 U.S. 585 (1991), the Court held that such a cruise ticket may "reasonably" dictate the geographical locality for passenger suits.  *Shute* began as an action voluntarily initiated by a passenger-suitor on the Admiralty (non-jury) side of Federal Court, it involved a former, purely geographical forum selection clause in Carnival's passenger ticket.  Thus *Shute* did not implicate the savings to suitors clause at all.  In *Sullivan v. Ajax Navigation Corp. and Celebrity Cruises, Inc.,* 881 F.Supp. 906 (S.D. NY 1995), the Court refused to enforce a now-defunct Federal forum clause of Celebrity Cruises.  The relevant clause was properly placed on the ticket, had the correct font size, and specifically required all passengers to originally file their suits on the Federal Admiralty side "without demand for jury trial."  Mrs. Sullivan objected and the Defendant carrier moved to strike the jury demand.  However, the U.S. District Court denied the carrier's motion, noting:  The right to a jury trial is guaranteed by the United States Constitution.  "It is elementary that this 7th Amendment right to a jury trial is fundamental and that its protection can only be relinquished knowingly and intentionally…a presumption exists against waiving the right to a jury trial [citations omitted]."

2.   The burden on proving that a waiver of jury trial was knowing and intentional rests with the party attempting to enforce the purported waiver.  *National Equipment Rental, Ltd. v. Hendrix,* 565 F.2d 255 (C.A. N.Y. 1977).

3.   The Defendant has failed to prove that the Plaintiff was aware she was relinquishing a Constitutional right to a jury trial when she boarded the cruise ship.  The subject ticket, non-negotiable, drafted by the Defendant did not give Plaintiff an opportunity other than to accept the contract as written.  This absence of equal bargaining powers militates against enforcing the specific term of the contract of passage.

CASE NO.  14-60611-CIV-ROSENBERG/BRANNON
Page 3

WHEREFORE, Plaintiff respectfully requests this Honorable Court for the entry of an Order allowing Plaintiff to have a jury trial on all issues so triable and/or to strike Defendant's Affirmative Defense No. 20 and for any and all other relief this Court deems just and proper.

DATED this 3rd day of November, 2014.

>     Respectfully submitted,
>     *s/Jonathan B. Aronson*
>     Jonathan B. Aronson, Esq.
>     Florida Bar No. 434116
>     ARONSON LAW FIRM
>     5730 S.W. 74th Street
>     Suite 800
>     Miami, Florida  33143
>     Telephone:  (305) 662-1233
>     Facsimile:  (305) 662-1266
>     Email:  jaronson@aronsonlawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
*s/Jonathan B. Aronson*
Jonathan B. Aronson, Esq.
Florida Bar No. 434116
ARONSON LAW FIRM
5730 S.W. 74th Street
Suite 800
Miami, Florida  33143
Telephone:  (305) 662-1233
Facsimile:  (305) 662-1266
Email:  jaronson@aronsonlawfirm.com

## SERVICE LIST

Jeffrey B. Maltzman, Esq.
Steve Holman, Esq.
Maltzman & Partners, P.A.
55 Miracle Mile
Suite 320
Coral Gables, Florida 33134
Telephone:  (305) 779-5665
Facsimile:    (305) 779-5664
Email:  jeffreym@maltzmanpartners.com
Email: steveh@maltzmanpartners.com