UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60611-CIV-ROSENBERG/BRANNON

OLGA ROSALES,

    Plaintiff,

v.

MSC CROCIERE, S.A., a foreign
Corporation,

    Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO ALLOW JURY TRIAL AND/OR
MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSE NO. 20**

Defendant, MSC CROCIERE, S.A. ("MSC"), hereby submits its Response in Opposition to Plaintiff's Motion to Allow Jury Trial And/Or Motion to Strike Defendant's Affirmative Defense No. 20 (DE 55) and states as follows:

1. There is no protected right to a jury trial in an admiralty dispute. *Beiswenger Enterprises Corp. v. Carletta,* 86 F.3d 1032, 1037 (11th Cir.1996) ("... as in all admiralty cases, there is no right to a jury trial."); Fed.R.Civ.P. 38(e) ("These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)").

2. Further, the Terms and Conditions of the passage contract (which was produced by Plaintiff during discovery and attached to her Complaint) also preclude a jury trial:

> ***21. JURISDICTION***
>                  ***
> (B) For Voyages that include a port in U.S.A., all claims arising out of this Contract shall be brought in, and be subject to the exclusive jurisdiction of the U.S. District Court for the Southern District of Florida. It is expressly agreed that all disputes shall be tried by a Judge without a Jury as an Admiralty and Maritime claim pursuant to Rule 9H of the Federal Rules of Civil Procedure. Any suit shall

> be filed in the venue of Ft. Lauderdale, Broward County, Florida to the exclusion of any other venue or location where suit may otherwise be brought.

Terms and Conditions of passage contract, attached hereto as Exhibit 1. (emphasis in original).

3.  Given the clear and conspicuous language of the passage contract, Plaintiff is precluded from a jury trial. *Baughan v. Royal Caribbean Cruises, Ltd.*, 944 F. Supp. 2d 1216 (S.D. Fla. 2013), *appeal dismissed (June 13, 2013)*. There is nothing complicated or legalistic about the language of the ticket contract, which Plaintiff received before embarking on her vacation cruise.

4.  The terms and conditions in a non-negotiated cruise passage contract are enforceable regardless of the bargaining power involved in such an arrangement. *See e.g. Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991); *See also Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1294 (M.D. Fla. 2010).

5.  Finally, contrary to Plaintiff's assertion, the Eleventh Circuit has not ruled that the party seeking to enforce a jury trial or the party opposing the jury trial bears the burden of proof. *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1294 (M.D. Fla. 2010) (citing *Allyn v. W. United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1251 (M.D. Fla. 2004) ("[T]he Eleventh Circuit has not spoken on whether the party seeking to enforce the waiver or the party opposing the waiver bears the burden of proving the validity of the waiver itself. Circuit courts appear to be split on the issue.").

6.  Plaintiff should be precluded from a jury trial based upon this action arising out of maritime and admiralty jurisdiction and further based upon her agreement to the Terms and Conditions of the passage contract.

WHEREFORE, based upon the foregoing, MSC respectfully requests that the Court enter an Order ruling that Plaintiff is not entitled to a jury trial in this case.

Respectfully submitted:

**MALTZMAN & PARTNERS, P.A.**

By: /s/ *Jeffrey B. Maltzman*
Jeffrey B. Maltzman
Florida Bar No. 0048860
jeffreym@maltzmanpartners.com
Steve Holman
Florida Bar No. 547840
steveh@maltzmanpartners.com
Rafaela Castells, Esq.
Florida Bar No. 98468
rafaelac@maltzmanpartners.com
55 Miracle Mile Suite 320
Coral Gables, Florida 33134
Tel: 305-779-5665/Fax: 305-779-5664

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 20th day of November 2014. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: /s/ *Jeffrey B. Maltzman*
Jeffrey B. Maltzman
Florida Bar No. 0048860
jeffreym@maltzmanpartners.com
Steve Holman
Florida Bar No. 547840
steveh@maltzmanpartners.com
Rafaela Castells, Esq.
Florida Bar No. 98468
rafaelac@maltzmanpartners.com

**SERVICE LIST**
**CASE NO. 14-60611-CIV-FAM**

Jonathan B. Aronson
jaronson@aronsonlawfirm.com
ARONSON LAW FIRM
5730 S.W. 74th Street
Suite 800
Miami, Florida 33143
Telephone: 305-662-1233
Facsimile: 305-662-1266
*Attorneys for Plaintiff*

Jeffrey B. Maltzman, Esq.
jeffreym@maltzmanpartners.com
Steve Holman, Esq.
steveh@maltzmanpartners.com
Rafaela P. Castells, Esq.
rafaelac@maltzmanpartners.com
MALTZMAN & PARTNERS, PA
55 Miracle Mile, Suite 320
Coral Gables, Florida 33134
Telephone: 305-779-5665
Fax: 305-779-5664
*Attorneys for Defendant*